FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARUT SOMCHAT, | No. 11-70152 |
| Petitioner, | Agency No. A095-659-398 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

   Warut Somchat, a native and citizen of Thailand, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's removal order.  Our jurisdiction is governed by 8 U.S.C.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's determination that an alien is removable for marriage fraud, *Nakamoto v. Ashcroft*, 363 F.3d 874, 881 (9th Cir. 2004), and review de novo due process claims, *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Somchat is removable for marriage fraud where he admitted to an immigration agent that his marriage was fraudulent and entered into for purposes of obtaining an immigration benefit. *See* 8 U.S.C. § 1227(a)(1)(G)(ii); *Nakamoto*, 363 F.3d at 882.

Somchat's due process contentions fail because the BIA did not rely on his ex-wife's affidavit in finding him removable, and he did not demonstrate that he was prejudiced by the lack of an interpreter at his interview with an immigration agent. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to review the agency's discretionary decision to deny Somchat voluntary departure, *see* 8 U.S.C. § 1229c(f), and Somchat does not raise

a colorable constitutional claim regarding voluntary departure that would invoke our jurisdiction, s*ee Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**